CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
NOV - 5 2010
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLIE SLOAN,<br>Petitioner, | Civil Action No. 7:10-cv-00301 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Charlie Sloan, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that the Supreme Court of Virginia erroneously denied his state habeas petition and that his state court conviction was not supported by the evidence. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss.

I.

The Circuit Court of Pittsylvania County entered petitioner's criminal judgment for arson following a jury trial. The circuit court sentenced petitioner in March 2007 to six years' incarceration. Petitioner appealed to the Court of Appeals of Virginia, which affirmed his conviction. The Supreme Court of Virginia refused his subsequent petition for appeal in April 2009.

Petitioner filed a state court habeas petition with the Supreme Court of Virginia in August 2009. Petitioner argued that the trial court erred by allowing a juror with hearing problems to remain on the jury; prosecutorial misconduct occurred; petitioner was a victim of vindictive prosecution; and trial counsel provided ineffective assistance. The Supreme Court of Virginia dismissed the petition in March 2010. That court held that petitioner procedurally defaulted his

claims of trial court error and vindictive prosecution pursuant to Henry v. Warden, 576 S.E.2d 495 (Va. 2003), and procedurally defaulted his prosecutorial misconduct claim pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). The Supreme Court of Virginia considered but denied petitioner's claim of ineffective assistance of trial counsel.

Petitioner timely filed the instant petition in July 2010. Petitioner claims that the Supreme Court of Virginia unreasonably abused its discretion to deny his state habeas petition and consequently denied him due process. Petitioner also alleges that the evidence was not sufficient to sustain his conviction and that the respondent untimely responded to his petition.[1]

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."[2] 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a

---

[1] I reviewed the record and find that the respondent timely filed his response.

[2] Moreover, a federal court "may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Respondent acknowledges that petitioner exhausted his state court remedies for his present claims.

2

question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. ___, ___, 130 S. Ct. 841, 849 (Jan. 20, 2010). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

A. The evidence is sufficient to sustain petitioner's conviction.

Petitioner argues that the evidence was insufficient to prove that he committed arson.[3] Petitioner presented this claim to the Supreme Court of Virginia in his habeas petition, but the Supreme Court of Virginia held that the claim was barred because the issue was raised and adjudicated during trial and on direct appeal to the Court of Appeals of Virginia, pursuant to

---

[3]The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

3

Henry. Wilson v. Dir. Dep't of Corr., No. 080530, slip op. at 2 (Va. Oct. 10, 2008). See Hood v. Johnson, No. 2:06cv422, 2007 U.S. Dist. LEXIS 11583, at *22-24, 2007 WL 593576, at *5 (E.D. Va. Feb. 16, 2007) ("Where the underlying claim purports to concern a federal constitutional issue . . . the rule espoused in Henry . . . does not prevent federal habeas review of the claim.") (citing Goins v. Angelone, 226 F.3d 312, 320 n.3 (2000)). The Court of Appeals of Virginia held that the evidence was sufficient to convict petitioner of arson after viewing the evidence in the light most favorable to the Commonwealth.[4] See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state court are presumed to be correct and entitled to deference unless shown to be erroneous).

A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution.

---

[4] Code § 18.2-79 (setting fire to an unoccupied storage building) states:
If any person maliciously burns, or by the use of any explosive device or substance, maliciously destroys, in whole or in part, or causes to be burned or destroyed, or aids, counsels, or procures the burning or destroying, of any meeting house, courthouse, townhouse, college, academy, schoolhouse, or other building erected for public use except an asylum, hotel, jail, prison or church or building owned or leased by a church that is immediately adjacent to a church, or any banking house, warehouse, storehouse, manufactory, mill, or other house, whether the property of himself or of another person, not usually occupied by persons lodging therein at night, at a time when any person is therein, or if he maliciously sets fire to anything, or causes to be set on fire, or aids, counsels, or procures the setting on fire of anything, by the burning whereof any building mentioned in this section is burned, at a time when any person is therein, he shall be guilty of a Class 3 felony. If such offense is committed when no person is in such building mentioned in this section, the offender shall be guilty of a Class 4 felony.

Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (original emphasis). I have reviewed the trial record, which the Court of Appeals of Virginia aptly summarized as follows:

> Sloan and [H.] Manley stored items in an unoccupied house Manley rented from [W.] Statzer. Sloan and Manley sold their items either out of the house or at a nearby flea market. When Manley saw Sloan drinking on the premises, he told Sloan to leave the property and not return. Manley also told Sloan he would meet Sloan at the property to retrieve Sloan's stored items if Sloan phoned Manley first. Sloan told Manley he wasn't going anywhere and that if he couldn't sell anything out of the house nobody else would either. After Manley called the Pittsylvania Sheriff's Department, Sloan left the premises. Manley purchased a new lock and placed it on the door. At that time, approximately ninety percent of the items stored in the house belonged to Sloan. After Sloan left, he never called Manley to obtain his items. . . .
>
> Sloan threatened to burn the house saying . . . over the telephone, "I'll burn the mother f-- to the ground and . . . [Manley] won't have it."
>
> One evening at approximately 2:30 a.m., [three women] were driving by the house and noticed flames and black smoke at the bottom of the door. They observed a white male in a red shirt and blue jeans, pants[,] or overalls standing in front of the door. They turned around to pass the house again, and the man was no longer standing there. After turning around again, the ladies noticed a man in a red shirt sitting in a dark gray or dark blue car at a stop sign across the road from the fire. This was the only other vehicle on the road. They turned around again and saw that the same vehicle had moved to a store parking lot also across the road from the fire. According to [one woman], the driver of the vehicle turned off his lights and was "watching [the house] burn." [She] described the driver as having hair "all over his head" and "very similar to the person [she] saw standing in the doorway." [A woman] called 911 and the firefighters arrived[;] the ladies directed them to the vehicle across the road from the fire.
>
> [W.] Adkins . . ., one of the firefighters who responded to the call, observed the vehicle and the driver, later identified as Sloan. Adkins described the driver as having "bushy hair." When Adkins walked up on the front porch of the house, he noticed a stream of some type of substance on the front door and a large puddle of a clear substance on the front porch that smelled of kerosene. The firefighters extinguished the fire with water. [Two] volunteer firefighters who also responded to the call[] moved their vehicles into the lot where Sloan was sitting in his vehicle. . . . Sloan drove off heading east in the westbound lane, and [they] followed Sloan in the eastbound lane. During the chase, a white jug flew through

5

> the air hitting [one of their] vehicle[s]. After Sloan crossed over into North Carolina, he turned left and ended up in a drainage ditch where he attempted to get out to no avail. At that time, the North Carolina State Police and county deputies from Person County, North Carolina, arrived and took Sloan into custody. [The pursuing firemen] described Sloan as wearing a red shirt and blue jeans or overalls. A photograph taken of Sloan after his arrest showed him wearing blue jeans, a gray shirt, and red jacket.
>
> Steven Bowman, Fire Marshal for Pittsylvania County who investigated the fire, determined the fire to be of an incendiary origin. Thomas Simpson, a forensic scientist with the Department of Forensic Science laboratory in Roanoke, testified that wood debris from the door contained a flammable mineral spirits petroleum product commonly found in paint thinners and charcoal starter fluids.

Sloan v. Commonwealth, No. 0899-07-3, 2008 Va. App. LEXIS 452, at *2-6 (Va. Ct. App. Oct. 7, 2008). See Tr. Tran. 58, 72-76, 78, 87, 90-91, 99-106, 114-18, 123-29, 138-45, 149, 151-57, 161-70, 174, 176, 179-94, 196-202, 207-11. After hearing evidence and argument, the jury found petitioner guilty of arson.

Petitioner does not present clear and convincing evidence that the jury resolved any factual issue incorrectly. He claims that the jury and prior courts cannot find him guilty because he was never identified at the property that burned. However, the jury relied on the testimony of the Commonwealth's witnesses and all created inferences to believe Sloan was the person described at the standing at the building while it burned. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses).

After reviewing the trial transcript and evidence in the light most favorable to the Commonwealth, I find that <u>any</u> rational trier of fact could have found beyond a reasonable doubt that petitioner set fire to the storage building. Simmons v. Commonwealth, 160 S.E.2d 569, 573 (1968) (stating an arson conviction in a Virginia court requires the Commonwealth to prove that the fire was of an incendiary origin and that the defendant was the guilty agent who started the

6

fire). The Commonwealth's evidence establishes that petitioner intended to burn the building down after arguing with Manley. Petitioner stood on the stoop where the fire started and then drove around the vicinity to watch it burn with most of his items in it. Petitioner then fled when confronted by firefighters. Accordingly, petitioner fails to establish that the evidence was insufficient to sustain his conviction, and I dismiss this claim.

> B. Petitioner cannot receive habeas relief for alleged defects in state collateral proceedings.

A habeas petitioner may obtain relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petitioner does not have a federal constitutional right to post-conviction proceedings in state court. Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001) (noting that "each State has created mechanisms for both direct appeal and state post-conviction review, even though there is no constitutional mandate that they do so" (internal citations omitted)); Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). Thus, a habeas claim relating to state post-conviction proceedings represents an attack only on a scollateral proceeding and not to the detention, even if there was some error in state post-conviction proceedings. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review). Accordingly, I dismiss petitioner's claim that the Supreme Court of Virginia unreasonably abused its discretion when that court denied his state habeas petition.

### III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss petitioner's petition for a writ of habeas corpus. Based upon my finding that the petitioner has not

made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 5th day of November, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge